IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-17-23-BU-DWM-KLD |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION |
| MARTIN JAMES WALSH, | |
| Defendant. | |

Before the Court is a petition alleging Defendant Martin James Walsh violated conditions of his supervised release. By Order entered July 20, 2023, United States District Judge Donald W. Molloy referred this matter to the undersigned to conduct a final revocation hearing. The Court conducted the hearing on July 28, 2023.

The amended petition filed in this case asserts Walsh committed five violations of his conditions of release. First, the petition alleges that on December 20, 2022, Walsh put on a sweat patch, and on December 29, 2022, the sweat patch was removed. On January 11, 2023, the results returned from the Clinical Reference Laboratory were positive for the presence of amphetamine and

methamphetamine. On January 13, 2023, Walsh's probation officer confronted him regarding the positive drug test result and Walsh adamantly denied using amphetamine or methamphetamine. On January 19, 2023, Walsh reported to the United States Probation Office in Butte, Montana, and signed an admission report that he used methamphetamine on or about December 18, 2022, and again on January 15, 2023.

Next, the petition alleges Walsh possessed a controlled substance. These items were discovered during a probation search of Walsh's residence and personal vehicles on February 16, 2023, with assistance from officers with the Southwest Montana Drug Task Force. During the search, approximately 26.7 grams of methamphetamine, 14 counterfeit Oxycodone (fentanyl) pills, and multiple items commonly used for distribution of illegal narcotics, including but not limited to numerous small plastic Ziploc style baggies, a drug distribution kit, and a digital scale, were located throughout Walsh's residence and within his red Dodge pickup that he regularly operates.

The petition further alleges that during the search on February 16, 2023, an officer located a urinalysis defeating device. Walsh admitted to possessing the device throughout the term of his supervised release, for the purpose of substituting urine during drug test collections.

2

On February 16, 2023, the Court issued a warrant for Walsh's arrest based on the matters alleged in the petition. On June 28, 2023, Walsh was arrested.

At the July 28, 2023 hearing on the petition, Walsh appeared with counsel and admitted to alleged violations Nos. 1, 2, and 5 as set forth in the petition. Walsh contested violation No. 3 and violation No. 4. United States Probation Officer Matt Rohan and Thomas Slease testified as to the facts and evidence underlying violations Nos. 3 and 4. The United States, Walsh's counsel, and Walsh were each given an opportunity to address the Court as to their recommendations and requests for an appropriate sentence and disposition of the petition.

Based on Walsh's admissions to the allegations in the petition and the testimony and evidence presented at the revocation hearing, the Court finds, by a preponderance of the evidence, that Walsh committed the violations of his conditions of supervised release as alleged in the petition.

Based on the foregoing, Walsh's admissions, and the Court's review of the record in this matter, the Court makes the following FINDINGS:

1.   Walsh was untruthful to an inquiry by his probation officer as to the use of controlled substances in violation of Standard Condition No. 4 imposed upon his supervised release.

2.   Walsh unlawfully used controlled substances Mandatory Condition No. 3 imposed upon his supervised release.

3

3.   Walsh committed two counts of Criminal Possession with Intent to Distribute, a felony, in violation of Montana Code Annotated § 45-9-103 (2021), in violation of Mandatory Condition No. 1 and Mandatory Condition No. 2 imposed upon his supervised release.

4.   Walsh did not participate in substance abuse testing in violation of Special Condition No. 5 imposed upon his supervised release.

It is therefore RECOMMENDED that the District Court revoke Walsh's supervised release, and that Walsh be committed to the custody of the United States Bureau of Prisons for a term of 12 months. Upon release from imprisonment, Walsh should be placed on supervised release for a term of 24 months.

Within 72 hours of release from custody of the Bureau of Prisons, Walsh shall report in-person to the probation office in the district to which he is released.

While on supervised release, Walsh shall not commit any Federal, state, or local crime, and shall not possess a controlled substance. Walsh shall be prohibited from owning, using, or being in constructive possession of firearms, ammunition, or other destructive devices while on supervision and any time after the completion of the period of supervision unless granted relief by the Secretary of Treasury. Walsh shall cooperate in the collection of DNA as directed by the United States Probation Officer.

In addition, Walsh shall comply with the standard conditions of supervised release as recommended by the United States Sentencing Commission, and which have been adopted by this Court. Walsh shall also comply with the following special condition(s):

| Condition | Condition Description |
|---|---|
| 1. | You must participate in an outpatient program for mental health treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer. |
| 2. | You must abstain from the consumption of alcohol and must not enter establishments where alcohol is the primary item of sale. You must not knowingly enter any dwelling or house where there is the active or ongoing use, abuse or consumption of alcohol or controlled substances and must not knowingly enter or stay in any dwelling or house where there is one or more persons who are consuming alcohol or participating in the consumption of alcoholic beverages or controlled substances, without the prior written approval of the supervising probation officer. You must not knowingly enter any automobile where a person possesses or is consuming alcohol or controlled substances. You must not have any controlled substances that are not prescribed by a licensed medical doctor and supplied by a licensed medical pharmacy. |
| 3. | You must submit your person, and any property, residence, place of employment, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, to which you have access,] to a search at a reasonable time and in a reasonable manner, with or without a warrant, by the probation officer, or by any law enforcement officers upon the express direction of the probation officer, with reasonable suspicion concerning your violation of a condition of supervision or unlawful conduct. Failure to submit to search may be |

5

grounds for revocation. You must warn any other occupants, adults and minors that the premises may be subject to searches pursuant to this condition. You must allow seizure of suspected contraband for further examination.

4.      You must participate in substance abuse testing to include not more than 365 urinalysis tests, not more than 365 breathalyzer tests, and not more than 36 sweat patch applications annually during the period of supervision. You must pay part or all of the costs of testing as directed by the probation officer.

5.      You must participate in and successfully complete an outpatient program of substance abuse treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

6.      You must not purchase, possess, use, distribute or administer marijuana, including marijuana that is used for recreational or medicinal purposes under state law.

7.      You must not possess, ingest or inhale any psychoactive substances that are not manufactured for human consumption for the purpose of altering your mental or physical state. Psychoactive substances include, but are not limited to, synthetic marijuana, kratom and/or synthetic stimulants such as bath salts and spice.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within 14 days of the date it is served as indicated on the Notice of Electronic Filing. The District Judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made, and may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file

6

written objections may bar a de novo determination by the District Judge, and may waive the right to appear and allocute before the District Judge.

DATED this 28th day of July, 2023.

Kathleen L. DeSoto
United States Magistrate Judge